The first case for argument this morning is 23-2049 Steele v. Collins. Welcome, Mr. Carpenter.  May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Steele. This appeal turns on the interpretation of 38 CFR 3.103 F. And what role, if any, this Court's implicit denial rule has when VA's notice is not compliant with VA's regulation concerning the requirements for the content of notice? Can I just... I'm sorry. I'm looking at the regulation here. We're talking about the 1984 regulation. It's the same regulation that was in rule? Yes, only it's the 1991 version and they added an F subsection and it's now, or it was then under F, not in... But the content is the same. Content is identical. Okay, so which it seems to notice will include the reason for the decision, the date it will be effectuated, as well as the right to a hearing, right to initiate an appeal. What is it a particular, what aspect of this notice requirement do you say they failed? Well, the notice requirement requires, under this Court's interpretation in rule and based upon the plain language used in the regulation, that the notice include an explicit denial and provide the reasons for the decision. And the reasons for the decision are what are absent in this case along with, as in rule, the absence of any explicit denial of the claim. So under the analysis, and this is hard for me, this is a genuine question, which is what is the difference in your view, if any, between the notice requirements under an implicit denial and the notice requirements under an explicit denial? Because cases seem to suggest that they're different, but then, on the other hand, the cases seem to suggest they're the same. Well, I feel a bit pretentious trying to explain to this Court their rule of law, but I'll go ahead and try. As I understand the implicit denial rule, it deals with a circumstance in which there isn't an addressing in the notice. In the Des Hotel case as well as in the Adams case, neither of those decisions, which sort of are the underpinnings for the implicit denial rule, addressed the regulatory notice requirement. It's not until some 10 years thereafter in rule that this Court recognize that there is a regulatory provision that directly speaks to that condition. And I'm not suggesting that the implicit denial rule is in conflict with that, but simply that the regulation requires certain information to be conveyed to the veteran and his representative. And when it is not, then this Court has held as a matter of law that that notice is defective and does not terminate the appeal, and new notice is required in order for the veteran to be able to take the appeal that they would have been able to take had they been, in this case, explicitly told that their migraine headaches, their headaches, were being denied. Well, I mean, but doesn't this get you into fact law land? I do not believe so. We can all read the notice, what she was told. And if there's an argument that, yes, the notice covered the lack, I forget the exact words, but the lack of any residual other stuff, then we don't detect that. And so if one could argue that the CAVC was correct, that that was sufficient reason for him to recognize, then how do we undermine or dislodge that finding under our standard of review? Well, I believe this Court is obligated to follow this Court's interpretation of the regulation as made in rule. And rule said that as a matter of law, when notice does not contain the explicit requirements of the regulation, that notice is defective as a matter of law. But that can't possibly be right, because that would mean that there's no such, there's no propriety in any implicit denial. If it has to be explicit, if it's an explicit denial, then it's not in the bucket of implicit denials, and that's well established in our case law. Well, but I believe in both Desautels and in Adams, we were dealing with conditions that could have been interpreted as being part of the condition that was denied. And therefore, we're looking at some ambiguity, if you will, that exists in the notice. And this Court has created this rule of law that says you can make a reasonable inference if there was in the mind of a reasonable claimant an understanding that this specific claim had been denied. That's not the case in rule, and it is not the case here. The rating decision specifically acknowledged that he was seeking compensation based upon having headaches. So are you challenging that this is an, and again, this may not be your fault. Our cases are a little odd, because they were all dealing with different issues at different times. But, so you're saying this wasn't an implicit denial? This was an explicit denial? No. So you're saying this was an implicit denial, but it still had to meet the requirements of the regulation? No. It was an explicit denial because it did not address the question of headaches. In the notice, there is nothing in the notice that says he was denied as in the notice at page 20. Okay, so did you speak, are you saying this is an implicit or an explicit denial? Okay. I thought you meant to say explicit. I am saying that this is an explicit denial as provided in the notice. They explicitly told him that the evidence does not establish service connection for the following, for the limited motion for his left ankle and for his lower left ankle condition. That's an explicit denial. But what isn't in here and what was required is a denial of and notice of the fact that they were not going to provide him compensation for his migraine headaches, which years later the VA granted that benefit, and this appeal is a product of that decision, which is contesting the effective date, based upon the fact that his original claim explicitly presented the question of headaches. The rating decision deals with headaches and makes the summary conclusion that they identified the issue as service connection for residuals of the head injury, and that's at appendix 23. On the same page, the VA decision found that a review of the service record revealed that since July 17th. Give me the page in the. 23, Your Honor, 23. 23. Okay, got it. And that after sustaining this head trauma, he lost consciousness. The veteran claimed only casual headaches as a residual, but these are not disabling. That's not in the notice. At no time was Mr. Steele put on notice that his headache claim had been denied. You cannot read. Look at page. I'm sorry. Go ahead. No, go ahead. Appendix 24. It says service connection is granted for the scar. Right. The only residual of the head injury in service, the scar. So it says this is what you're claiming is a residual effect. We are concluding that the only residual effect that's compensable is the scar. In other words, not the headaches, not the other stuff. But, Your Honor, that is an inference. The whole purpose of the procedural due process. No, no, no. But let me stop you there. It's an inference, but that's what implicit denials are for as to whether a reasonable person reading this would have understood that their claim for headaches and a bunch of other residuals were being compensated. And the answer is would have reasonable. Do you agree that that's the question to be asked here? No. I believe that the question of implicit denial is what role, if any, it has when the notice is not consistent with the requirements. Accepting for a moment that you can make that inference. What is absent in this notice is any reason why. There is no reason why headaches were. That's why it's an implicit denial. That's correct, Your Honor. But the question then becomes the competition between a rule of law created by this court, which did not consider the regulatory due process requirements, and the regulatory due process requirements. You're not arguing that the implicit denial rule is unconstitutional or improper. No. So really, what you want us to get into and be involved in is the application of this rule to the fact of this case. No, Your Honor. You cannot do that. I understand that, Your Honor. I'm very familiar with this court's limited jurisdiction. But notwithstanding that area of judgment by Congress. But it sounds to me like you're challenging the sufficiency of the notice. I am, Your Honor. And that's a question of fact. I disagree under this court's holding in rule. This court's holding did not. The rule was a bit of an unusual case. It was expressed denial under, shall we say, unusual circumstances. I mean, isn't the case before us similar to what happened in Cogburn? No, it is not, Your Honor. And I'm very familiar with Cogburn. I thought you might say. Tell me why it's dissimilar. Because in Cogburn, there was no direct challenge made to the requirement of the regulation versus implicit denial. The argument made in Cogburn was that you don't need to use the implicit denial because of the mandatory provisions of the regulation. And what's missing from the regulation is the reason for the decision. And that reason for the decision is absent from the notice at Appendix 25 and 26. There is reference to scars. There is no reference to the. . . And the scars came from the head injury in different parts of the body. But the reason for the decision doesn't exist in the notice. And so I'm asking this court to determine as a matter of law that there is a distinction between when implicit denial is to be used, to clarify what Judge Prost was correctly observing, that quite candidly, this court's case law is all over the map in terms of implicit denial. I deny saying anything. Excuse me, Your Honor. That was my paraphrase. I will take full responsibility and do. Well, if we accept the fact that the implicit denial is in and of itself notice, then what you're challenging is the explicit notice of the claim that was considered in 1991. That's correct. But that means you're questioning the propriety of the actual notice itself, which seems to me to be a question of fact. Well, as I read this court's decision and rule, this court was quite clear that as a matter of law, to meet the requirements under 3.103E, an explicit denial must state or clearly identify in some other manner the claims being denied. The decision must meet the other requirements of that regulation, including the reasons for the decision. But that's a challenge to the notice. The rule cannot apply here because it deals with explicit notice, and that's not what we're dealing with in this case. Well, I believe we are, Your Honor, because of the opening sentence in the notice. We cannot grant your claim for payment of disability benefits. That covers his claim for disability benefits for his head injury. What is absent from this notice is any explanation as to the reason why. I don't dispute that that is in the rating decision because they said it didn't constitute a disability. But had they given him his procedural due process rights as mandated by their own regulation, in this pro-veteran system, he would have had the opportunity to understand he needed to appeal that. Do you agree that the rule was a case dealing with explicit denials? Yes. Okay. We're way beyond our time, so we'll restore some time. Good morning. May it please the Court. Albert Ayer-Ross here on behalf of the United States. The Court has it exactly right. The Court does not have jurisdiction over the question that Mr. Steele is raising here because what he's asking you to do is investigate into the contents of the notice and decide contrary to what the Board and the Veterans Court did. That is really an explicit denial. Can I ask you about the questions of law, though? Yes. Whether they're presented or whether they're necessary to reach here, but let me ask you. I thought you raised two different arguments which may or may not be consistent. One, I think you were arguing that Cogburn and Adams, the rules for implicit denials, also carry with them the regulatory requirements of notice and that the regulatory requirement of notice is also present in implicit denials. Is that your position or not your position? I think to clarify, what this Court has said is that when the Board or the Veterans Court concludes that there was an implicit denial, that implicit denial is itself satisfaction of the VA's notice regulation because what ends up happening, and this is a perfect example. This case is a perfect example for that. Mr. Steele on Appendix Page 17 submitted a claim for compensation for a head injury. That's what – and also two different – a side injury and an elbow injury. But what he said was he's submitting a claim for a head injury. When he was examined in a physical examination on Page Appendix 21, the clinician noted that he had hit his head in 1980, and the only residual he has because of this head injury are occasional headaches, but they are not disabling. Then in the R.O. decision from August 1991 on Appendix Page 23, the R.O. looked at it and said, An August 4, 1990, entry received a 4.5-centimeter superficial laceration to the parietal frontal region of the scalp, which was sutured. Initially, the Veteran had some complaints of a headache. There were no further complaints of headaches during service. And then the Veteran claimed only occasional headaches as a residual, but these were not disabling. And at the bottom of Page 24, the R.O. decision says, Service connection is granted for the scar of the scalp as the only residual of the head injury in service. So what happened here was he submitted a claim for a broad injury, the head injury. Both the clinician and the R.O. looked into it and said, Okay, talked about headaches, but they're not present anymore, let alone disabling. And the R.O. determined that there was no service connection for any head injuries at all. The only residual here was the scar. And so based on that, the R.O. decision did not say any claim that you may have presented for a headache is denied because all he said was he had a head injury. The Board and the Veterans Court properly concluded that that gave the claimant sufficient notice that his headache claim, to the extent they ever presented one, if it could be reasonably interpreted, reasonably read as presenting the claim. Your reading is for implicit, and I understand, and some of it is because the cases, even though they purport to deal with either explicit or implicit denials, are all really different in terms of the background. So I appreciate your credit. But is your answer to my question that the regulatory requirements under that regulation, which I thought in 1984 regulation, do not apply to implicit denials? Because I thought somewhere in your brief you kind of said they do, and that that's what we've said in Cogburn and Adams. I don't remember which one. I think the proper way to view it is that this court in Cogburn in 2016 said that the implicit denial rule does not violate a claimant's right to receive notice pursuant to the VA's due process regulation. And the reason for that is because when there is a decision, a denial, an explicit denial from the regional office, that explicit denial has obviously the details that are required by the regulation. And so it's not as if the VA could deny a claim from a veteran and simply say claim denied and with no other information at all. And what this court has said and what the Veterans Court has said is you have to look to the language of the actual decision. And, you know, is there enough in there? And you're talking about implicit denials. Right. So obviously there has to be some denial. There has to be some written document. I don't want to confuse it by saying an explicit denial. There is a denial or decision from the regional office. That decision is going to provide information from the veteran. And so the details that are in that decision will inform the board and the Veterans Court whether a claimant was properly on notice that his related claim was denied. So the regulation, there has to be some sort of denial, a decision from the regional office. But it doesn't have to be a reason. Right. I was about to say the same thing as Judge Probst. There has to be a reason. There's going to be a reason for the claim that is the subject of the decision, but there may not be an explicit reason for the denial of this, you know, quote-unquote. What does the notice requirement go to? Does it go to the fact that just simply that the claim was denied? Or does it go to, and therefore you have all these other protections that you can see? So the problem that I have with the explicit denial is whether the claimant is actually ever informed as to the basis for the denial. That's probably just as important as the denial itself. Sure. I understand that, Judge. And the 1991 version of the regulation, which Judge Probst read earlier, requires that the notice will include the reason for the decision, the date it will be effective, as well as the right to a hearing. And so what I think that this court and the Veterans Court have done together is put a gloss on what that means when it talks about the reason for the decision, right? It's not simply was there a denial or not. There are four different factors that a court has to go through, excuse me, that the board and the Veterans Court go through to figure out whether there was a sufficient notice to the veteran. And so the Cogburn factors talk about the specificity of the claims or the relatedness of the claims. You know, was the claim for a head injury, and now years later the veteran is asking for, you know, compensation for headaches? What was the specificity of the adjudication? What is the language that is in the actual decision from the regional office? And so in this case it's pretty clear they talked at length about the fact that he had hurt his head, he had lacerations, he had headaches, et cetera, and then rejected all but the scars. The timing of the claims, you know, if the claims are submitted within a certain amount of time as opposed to years apart, whether the claimant was represented. So the concern that you have, Judge Reyna, that the veteran needs to be informed, have some sort of idea that his claim was denied, it's not simply was there a denial, yes, so the VA is going to use that to weaponize against a veteran here. The board and the Veterans Court go through this extensive multi-factor analysis to determine whether there actually is notice, and the veteran received that implied notice that satisfies the due process rights in the regulation. I'm a little confused. Implicit denial, you seem to say, but I thought you were saying it also included the notice requirement. We're talking about two different notices, right? We're talking about a notice that your claim was denied, and then we're talking about the notice as to the reason for that denial, right? Right. The regulation requires both of those. It requires a decision. Are you saying that for implicit denials because of the nature of the denial that this court has long said we can count those if they satisfy the reason, whether the second of those notice requirements stating the reasons applies in those contexts or doesn't apply in those contexts? I'm not trying to dodge your question. I think that the answer to that is subsumed by the analysis. So it does not require, otherwise it would be an explicit denial. To require it – I'm sympathetic with you because I'm trying to get my head around this. I'm not just asking you questions. Right. And so really quickly, I think that the way – to the extent that if Mr. Steele insists that there has to be some explicit, quote-unquote, reason for why his headache claim was denied, whether or not that is present in the decision is part of that Cogburn and the Cogburn multi-factor analysis I discussed. I don't know. So you're saying Cogburn does require a notice of the reasons and not just notice of the denial? Cogburn requires the court to look to the language to see whether a reasonable claimant would be put on notice that his claim was denied. And there are ways to figure that out. You know, what was the language in the decision? But that goes to the first part of the notice, whether your claim was denied. And the second part of the notice, which is encompassed by the regulation, is the reasons why. Oh, I understand what you're saying. Yeah, I understand the distinction you're making. No, that's fair. I think to that extent, then, the actual reasons for the denial of the related claim that's not the explicit subject of the decision do not have to be included in the RO's decision. Because otherwise it would be an explicit denial. Well, now I'm a little confused. I should have stopped talking a couple minutes ago. I thought your position was that the notice requirement applies to the explicit decision. The explicit decision was made in this case in 1991 denying the head injury as a claim. And it set forth both the denial and, I guess, questioned whether it set forth the reasons. But the notice regulation would apply to that explicit determination. What's before us now is the claim for an implicit denial. The argument being that, well, in the denial of your claim for a head injury, implicit in that was a denial of your claim for migraines. And as I understand Cogburn and Adams, the implicit denial itself is a notice and nothing further is required as long as the underlying decision, the actual explicit decision that was made originally complies with the regulation. Well, that's right. Is that a fair statement? That is a fair statement. What I just said a moment ago was that, like Judge Post described it, the implicit denial satisfies that first prong. The veteran has to have a notice that a claim was denied, which is a little bit different than the reasons why the claim was denied. And so what I'm saying is that there's not an explicit requirement or a requirement for an explicit description as to the reasons why an implied claim had been implicitly denied. We may have gone, I mean, we've got a few presidential cases here which we're compelled to follow, and so that may resolve the matter. But does it not seem a little odd to you that there should be a lesser requirement on the government in terms of notice when there's an implicit denial than when there's an explicit denial? It kind of seems intuitive to me that maybe it should be the reverse. Well, Your Honor, I think that there's a couple of ways I would address that. First, there is a safety net for veterans and for claimants here that's effectuated through the Codburn factors, the four factors. It's not simply a, you know, if there's a denial, you're stuck with the fact, you know, I think the Court has specifically in its presidential decisions rejected prior VA arguments that the rule should be applied more broadly. And so it's narrowed the scope via that analysis. And the other reason I think from a practical matter is that the implicit denial rule helps act as a backstop to provide the VA repose to, you know, essentially years, decades-long claims that, you know, when they're reasonably raised, you have to look at the claimant and the claim and the like, you know, favorable to the veteran. And there has to be at least some reasonable backstop to prevent an endless open claim because, you know, the claimant says, because you didn't use magic words for this particular headache claim, even though I raised a head injury. I appreciate that, and that's, I think, where cases land consistently along the way. Thank you, Your Honor. Your Honor, we ask that you affirm the Veterans Court decision if you do not dismiss the case for lack of jurisdiction. Your Honor, notice is what's being protected with this regulation. It requires content, the content of the VA's own regulation in an effort to protect the veteran to be sure that they understand what was decided is the reason for that decision. The Cogburn factors focus on the implementation of the implicit denial rule for what could be reasonably inferred to have been understood by the veteran. The veteran cannot imagine what the reasons are. The reasons are provided by the agency. So looking at the test, this is where the reasonable claimant would have understood, in this case, that the 1991 decision was implicitly denied. So apparently, under the implicit denial rule, a claimant, a reasonable claimant, needs to understand, should understand whether, in this case, the 1991 decision was implicitly denied. Does the claimant also have to reasonably understand the reason why it was denied? Yes, because that's what the regulation requires. The Secretary imposed upon himself. I can see the notice requirements being met. I can see that a notice will come, but I don't see, is that it? The VA just has to show that this claim was denied? No. There has to be a basis for that denial. That's right. And the basis is in the reasons for the decision, which, in this case, are actually in the rating decision, but are not in the notice. And the notice does not speak directly to any reason why the rating decision did what it did in denying any compensation based upon his head injury. Well, I don't think that's really that correct, because when I'm looking at Appendix 23, granted, I mean, this was just a minor part of his stuff. He had a lot of complaints about other injuries. But if you go to the bottom of page 23, it talks about Appendix 23. The veteran had some complaints of headaches. There were no further complaints of the head during service, puncture of the scar, blah, blah, blah. The veteran claimed only occasional headaches as a residual, but these were not disabling. I mean, and then it goes on to say, which is why this notice is certainly sufficient. But, Your Honor, page 23 is from the rating decision. It's the notice that is defective. It is the notice that does not conform with the requirements of the regulation. In the notice, which begins at 25 and ends at 26. But it's all read in the context, and they say this rating decision says that for these reasons, including why it's dismissing the headaches, that the only residual is the scar. And then they refer back to that as the only residual of your head injury. In other words, we don't conclude that the headaches were sufficient residuals. I mean, satisfies clearly the implicit standard we've been applying all through decades, right? With all due respect, Your Honor, that is an anti-veteran as opposed to pro-veteran reading and a very charitable reading of the notice. Well, if you're challenging whether this was a sufficient implicit denial, we have jurisdiction over that? I'm saying that the role of the implicit denial rule is about the knowledge that is imputed to the veteran of what was denied, not why what was denied. And the criteria set out in Codburn by the Veterans Court only address the knowledge that can be inferred that there was a denial. He does not dispute that there is an inferred denial. What he disputes is is that the rating decision had reasons, and those reasons didn't appear in the notice. And that's what due process requires under the VA's own regulation. I'm sorry, Your Honor? I don't think so, Your Honor. Yes, yes, yes. It is a straight up question of law. Absolutely not, Your Honor. I am asking this court to enforce its interpretation of the procedural notice requirements that those notice requirements were not provided negate the notice as a matter of law. That's what this court's ruling in rule says. And Mrs. Rule was in the identical circumstances as here is that she had to wait years to get them to finally grant the benefit. More than 25 years went by for this particular benefit. I see I'm way over my time. I appreciate the court's consideration. Thank both sides. The case is submitted.